Louis Viti *et al. vs.* Zoning Board of Review of the City of Providence.

DECEMBER 21, 1960.

Present: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This petition for certiorari was brought to review the action of the respondent board in granting relief from side and rear yard regulations in the proposed erection of a one-story masonry building located in a C-2 general commercial zone. Pursuant to the writ the pertinent records have been certified by the board to this court.

It appears therefrom that Albert Gizzarelli, hereinafter referred to as the applicant, is presently the owner of lots numbered 319 and 320 on assessor's plat 65 located in a general commercial C-2 zone. The property fronts on the southerly side of Chalkstone avenue for a distance of 84.24 feet, with a depth of 80.23 feet on Geneva street which bounds the property on the west. The property is bounded on the east by a lot zoned R-3, which, however, is occupied in its entirety by a building used as a furniture store.

The petitioners are the owners of property in an R-3 general residence zone abutting the land in question to the south.

Abutting petitioners' land to the north, on the southerly line of the applicant's land and abutting the furniture store on the east, are two four-stall masonry garages in a dilapidated and hazardous condition. The building inspector ordered the applicant either to tear them down or put them in repair. Whether the garages have already been removed does not appear from the record, but in any event the applicant proposes to erect a building 80 feet in length by 49 feet in width to be used for retail stores.

It further appears from the record that the inspector of buildings refused to issue a building permit for the reason that the plans submitted by the applicant were not in conformity with the Zoning Ordinance of the City of Providence (rev. 1957), chapter 544, article V, sec. 51, C-2 and C-3.

C-2 provides in substance that where the side of a lot in a C zone abuts upon the side of a lot in an R zone, there shall be a side yard of not less than 6 feet in width.

C-3 provides in substance that where the rear of a lot in a C zone abuts upon a lot in an R zone, there shall be a rear yard of not less than 20 per cent of the depth of the lot.

The plans, plot plans and parking plans filed by the applicant provided for a rear yard of 8 feet between him and petitioners' land to the south to permit off-street parking in the front of the proposed building. Further, since the building was to be 80 feet in length on a lot 84.24 feet, it would not permit a side yard as provided in C-2.

Upon receiving notice that a building permit would not be granted for noncompliance with the ordinance, Gizzarelli filed an application for relief therefrom with the zoning board of review.

The zoning ordinance, chap. 544, sec. 73 A, provides:

"A. Yard Regulations Modified

"Where the yard regulations cannot reasonably be complied with or their application determined on lots of peculiar shape, location or topography, such regulations may be modified or determined by the Board, as provided for in Sections 91 and 92."

The form filed by the applicant, which was furnished by the board and is used for all purposes in appeals addressed to it, is entitled "Application for Exception or Variation under the Zoning Ordinance."

Due notice was given by the board for hearing on May 24, 1960 at 3 p.m. It appears that on the day of the hearing and just prior thereto the board visited the premises in question. The petitioners were represented at the hearing by counsel and the record contains the written objections of certain remonstrants and also includes a communication from the City Plan Commission giving reasons why it did not object to the relief sought. The traffic engineer, however, did register an objection.

At the hearing the applicant testified briefly in his own behalf. He stated that he had been notified by the building inspector either to tear down his garages or put them in repair. Indicating that he intended to remove them and erect a building 80 feet in length by 49 feet in width to be used for retail stores, he informed the board that he could not comply with the rear and side yard area regulations without destroying "the purpose of the whole building." He testified that to provide parking for deliveries the building was to be located 8 feet from the rear line of the lots, thus affording space in front for a general parking area. It was the substance of his testimony that a lesser space for parking in front of the building would be inadequate.

The communication from the City Plan Commission advised the board that an inspection survey conducted by it disclosed that the premises contained "two masonry resi-

dential parking garages which were in a blighted and hazardous condition"; that their removal would eliminate a nonconforming use; and that the waiver of the side and rear yard regulations "will not substantially or permanently injure the adjoining residential property * * *."

The city traffic engineer objected on the ground that the parking area design, coupled with the number and location of the driveways on Chalkstone avenue, would require motorists to back out of the parking spaces on to said avenue.

Counsel for petitioners informed the board that it was his clients who complained about the condition of the garages, that they had been successful in bringing the situation to a head, and that they felt the garages would be removed and they would then get the fullest value of their property. He added, "In other words, they would have a reasonable amount of space having no buildings built near their lot."

It was petitioners' contention before the board, and they renewed it before us, that the applicant had not made out a proper case in that there was no presentation of unnecessary hardship.

Thereafter the board adopted a regulation, the pertinent provisions of which are as follows:

"Whereas, the Zoning Board of Review examined in detail all of the testimony adduced at the hearing including the application and plans and all other testimony offered by both the applicant and objectors and weighed all the testimony so offered, and

"Whereas, in the opinion of the members of the Zoning Board of Review, the granting of a variance of side yard and rear yard regulations under the Zoning Ordinance in this case would not be contrary to the public interest and that the appropriate use of neighboring properties would not be substantially or permanently injured, and that the literal enforcement of the provisions of the Ordinance will result in unnecessary hardship,

"Resolved: That the Zoning Board of Review does hereby make a variation of the side yard and rear yard regulations under the Zoning Ordinance and does hereby grant the application of Albert Gizzarelli substantially in accordance with the plans, plot plans and parking plans filed with said Board. A copy of said plans, plot plans and parking plans are hereby made a part of this resolution and filed with the Director of the Department of Building Inspection."

The petition sets forth and counsel contends that the decision of the board was wholly illegal in that it acted arbitrarily and in excess of its powers, and was guilty of an abuse of its discretion for the reasons that there was no evidence that the granting of said application was not contrary to public safety, convenience or welfare, or would not substantially and permanently injure the appropriate use of neighboring property. The petitioners further contend that there was no evidence that the permission was reasonably necessary for the convenience and welfare of the public, that enforcement of the terms of the ordinance would result in unnecessary hardship, that the decision of the board was not supported by credible evidence, or that applicant has not sustained the necessary burden of proof to establish a variance from the literal enforcement of the provisions of the ordinance.

All of these contentions presuppose that the burden of proof on the applicant and the scope of the board's discretion are in the instant circumstances subject to the standards applicable in a petition for a true exception or variance, namely, permission to use one's land for a use not presently permitted.

The jurisdiction of the board to pass upon an application for a proper exception or variance is contained within subsections b and c of general laws 1956, §45-24-19. The circumstances of the instant appeal to the board, in our opinion, do not require the property owner to prove a loss of all beneficial use in order to establish a right to relief. Nor

is the board required to find that the relief sought will serve the convenience or welfare of the public.

Although the side and rear yard regulations are contained in the zoning ordinance, the title of chapter 544 is "An Ordinance Zoning the City of Providence and *Establishing Use, Height and Area Regulations*," and such regulations as are here considered do not constitute "zoning" as that term is generally construed. (italics ours) They are regulations governing a permitted use as distinguished from the limitations on the use which one may make of his property.

The property in question was wholly zoned C-2 and within such a zone retail stores are a permitted use. The board visited the premises and presumably observed that the lot to the east of applicant's property was completely occupied by a furniture store. It abutted petitioners' property on the property line, and to require the applicant to maintain a 16-foot rear yard on a lot 80 feet in depth may well have seemed unreasonable to the board. The record discloses that the board was made aware of the objection registered by the city traffic engineer, but it was also undoubtedly aware that the City Plan Commission offered no objection. The latter agency commented on the fact that the removal of the garages would eliminate a nonconforming use, and this is evidence which the board might properly consider. The objection of the city traffic engineer was addressed to the provisions made for parking in the front of the property. The applicant, however, had a right to build a retail store on his land, and parking on the highway resulting therefrom may well have seemed less satisfactory to the board than the off-street parking arrangements proposed by the applicant.

The petitioners contend that the resolution adopted by the board granting the applicant the relief sought does not contain the reasons on which the board based its decision. They concede, however, that if the record discloses grounds of legal sufficiency, the decision of the board will not be dis-

turbed. Whether the language employed by the board constitutes reasons or conclusions is immaterial, since we have examined the record and are of the opinion that in all of the circumstances apparent therefrom the board did not act arbitrarily or in excess of its jurisdiction in granting the relief sought.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered returned to the respondent board with our decision endorsed thereon.