[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on an appeal from a decision of the Zoning Board of the City of Cranston, (`the defendant'), denying the two consolidated applications of Lawrence and Elizabeth Moses, (`the plaintiffs'), for permission to build one single family home on each half of a 10,000 square foot lot, thus creating two undersized parcels with restricted street frontage. This Court has jurisdiction over the matter pursuant to Rhode Island General Laws § 45-24-20 (1988 Reenactment).
The lot in question, Assessor's Lot No. 363, consists of approximately 10,000 square feet. The property is located in a B-1 residential zone; a classification established by the 1966 adoption of the Cranston Zoning Code which allows single and two-family dwellings, with respective minimum areas of 6,000 and 8,000 square feet. This lot is a result of the 1966 merger of two contiguous 5,000 square foot lots. The plaintiffs bought this lot from a single owner in 1985. Currently, the entire 10,000 square foot parcel sits undeveloped.
The plaintiffs in this case seek to divide the merged lot into its two former 5,000 square foot lots. On May 10, 1989 the plaintiffs applied to the board for a variance that would allow them to construct a single family dwelling on each of the proposed 5,000 square foot lots. The defendant denied this application on August 9, 1989, and it is from this denial that the plaintiffs now appeal.
The jurisdiction of this Court to review the decision of the Zoning Board is controlled by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In its review of a zoning board decision, this Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi, 120 R.I. 501, 388 A.2d 821, 825 (R.I. 1978). The requisite "substantial evidence" required to uphold a zoning board decision has been further defined ". . . as more than a scintilla but less than a preponderance." Id. at 824; or ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. at 826.
The plaintiffs contend that they are entitled to build one single family home on each half of the 10,000 square foot lot, thus creating two independent undersized lots, by virtue of § 30-9(b) of the Cranston Zoning Code. Section 30-9(b) reads as follows:
 If two or more contiguous lots are owned by the same person, at the time of the adoption of this chapter, such lots shall be considered to be combined to form as many conforming lots as are permitted in the particular district for the purpose of this chapter and no single lot or portion thereof shall be used in violation of the requirements of article VI as to lot width, depth, and area; provided, however, that in a block that is seventy-five per cent or more developed in A-6, B-1 and B-2 zones, lots having an area of at least four thousand square feet and having an area and frontage equal to or greater than the average of the developed parcels within two hundred feet of the lot and on the same side of the street need not be so combined. No parcel, tract, or lots of land contiguous to each other and owned by the same person shall be subdivided in a manner where the lot width, depth, or area shall be below the requirements fixed by this chapter."
In their brief the plaintiffs state that the lot in question, lot 363 on Assessor's Plat No. 5, is "In realty . . . made up of two 5,000 square foot recorded lots." (Plaintiffs' brief at 1). This is a reference to the former lots 204 and 205, which were laid out in 1886. Plaintiffs argue that these lots were not merged in 1966 by virtue of § 30-9(b). This Court, however, disagrees with the plaintiffs reasoning and finds that lot 363 is just that, one lot, a result of the 1966 merger of 204 and 205, two non-conforming lots. This merger, which took place prior to the date when the plaintiffs acquired the property, is precisely what the plaintiffs seek to undo in this appeal.
As the plaintiffs note, the Rhode Island Supreme Court has in a number of recent cases addressed the issue of merger. In RJEPAssociates v. Hellewell, 560 A.2d 353, (1989), the court stated that: ". . . Merger provisions frequently contain exceptions whereby a lot that is smaller than the minimum zoning requirements will be exempted from the merger rule if it was a lot of record prior to the effective date of the zoning ordinance." Id. at 356. In addition, Skelley v. Zoning Boardof Review, 569 A.2d 1054 (R.I. 1990), McKendall v. Town ofBarrington, 571 A.2d 565 (1990), and Brum v. Conley,572 A.2d 1332 (R.I. 1990), all uphold the concept of merger of substandard lots. In the case at bar, the plaintiffs seek to utilize the § 30-9(b) exemption clause to subdivide lot 363. The plaintiffs argue that the property qualifies as continuous non-conforming lots. This Court rejects that claim, and remains convinced that lot 363 is currently not in a non-conforming use status, and that the plaintiffs cannot now claim a merger exemption for property already merged. In Brum, the Supreme Court stated, "we also reject respondent's argument that the buildable lots qualify as prior recorded lots and are therefore legal nonconforming uses."Id. at 1335. This Court notes that, as in Brum, this land currently sits as "buildable lots", and no structures appear to exist currently on any portion of the property that would evidence the need to subdivide and build another structure instead of one big one. In sum, area restrictions in the Cranston Zoning Code prohibit the natural existence of two lots rather than one on this parcel. The creation of the two contiguous substandard lots that the plaintiffs desire is clearly not within the purview of the § 30-9(b) merger exception.
This Court likewise rejects the plaintiffs' claim that they are entitled to build two ranch-style homes on lot 363 simply because it would result in the same number of residences as one duplex, which the area restrictions would allow on this parcel. The plaintiffs state that "the irony of this entire matter is the fact that a two family house is a permitted use." (Plaintiffs' brief, pg. 7.) This Court fails to see the irony in simple zoning restrictions, and suggests that the plaintiffs' logic runs blatantly afoul of current zoning law. While the plaintiffs may construct a duplex on their property in conformity with the Cranston Zoning Code, it does not follow that they may whimsically split this duplex in half and place two homes on would-be undersized lots. To allow such rationalization to govern zoning would thwart the purpose and intent of zoning regulation. Additionally, this Court finds the plaintiffs argument analogizing the present case to Redman v. Zoning and PlattingBoard of Review of the Town of Narragansett, 491 A.2d 998
(1985), to be utterly without merit. The Redman merger was so factually dissimilar that anything but a cursory reading of it reveals glaring discrepancies with the case at bar. As such, this Court feels no obligation to further distinguish the two.
As this Court is unconvinced by the plaintiffs' attempts to fit into the merger exception, it now turns to their request for a variance. This Court agrees with both parties that the plaintiffs are seeking a "Viti" variance, that is, they seek relief from restrictions governing a permitted use, such as area or setback restrictions. DeStefano v. Zoning Board of Warwick,122 R.I. 241, 405 A.2d 1167 (1979). This type of relief was first recognized by the Rhode Island Supreme Court in Viti v. ZoningBoard of Review of Providence, 92 R.I. 59, 166 A.2d 211
(1960). To obtain a "Viti" variance, the plaintiff "need only demonstrate an adverse impact amounting to more than a mere inconvenience". DeStefano. at 1170.
In the case at bar, a review of the whole record reveals that the sole witness in favor of the variance was the plaintiff Mr. Moses. His testimony consisted essentially of statements that (1) the lot currently sits as an undeveloped, nuisance-type area, and (2) § 30-9(b) of the Cranston Zoning Code permits the plaintiffs to build the two homes on lot 363. This testimony, however, is for this Court's purposes devoid of evidentiary value. No evidence, expert or otherwise, was offered to suggest that hardship or anything other than mere inconvenience prompted the plaintiffs' desire for this variance. The plaintiffs have failed to meet their burden of proof and demonstrate why building two structures on a lot should be allowed when one duplex is a viable option within the zoning regulations. The Rhode Island Supreme Court has stated in response to a similar request, "A variance is not properly granted to insure personal convenience or a more profitable use of the property." Rozes v. Smith,120 R.I. 515,521, 388 A.2d 816 (1978). This Court concludes, therefore, based on the lack of evidence offered by the plaintiffs in support of the variance, that the request was properly denied.
For the reasons hereinabove set forth, this Court concludes after its review of the whole record that the defendant board's decision was supported by substantial evidence. Therefore, the August 9, 1989 decision of the Zoning Board of Review of the City of Cranston is affirmed.