[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs appeal under R.I.G.L. § 45-24-20 as amended from a decision of the Newport Zoning Board of Review denying their application for a regulatory variance for side line and maximum lot coverage restrictions. The Court has reviewed the record on appeal, read the transcript of hearing held November 27, 1989 and has considered memoranda of counsel.
Plaintiffs' lot, although undersized under the code, is a legal lot upon which a single family house may be constructed as of right. The only question the Court need consider is whether or not petitioners met their burden of proof in establishing that the variance requested was the minimum necessary for reasonable enjoyment of the permitted use, and that denial would impose upon them more than a mere inconvenience. Standish-JohnsonCo. v. Zoning Board of Review, 103 R.I. 487 at 492. Viti v.Zoning Board of Providence, 92 R.I. 59; Westminster Corporationv. Zoning Board of Providence, 103 R.I. 381. The board's decision, #5, held they had not met their burden pursuant to the ordinance and that denial of the application would not impose upon them more than a mere inconvenience. Finding #6 held the variance requested was not the minimum variance that would make possible the reasonable use of the lot.
Having in mind that the Court is not a super-zoning board, that it may not pass upon the weight of the evidence, and that a decision cannot be overturned if there is substantial evidence to support it, Apostolou v. Genovesi, 120 R.I. 501, the Court has considered the record bearing on the points. Plaintiffs' expert testified that the requested relief was reasonably necessary to permit the construction of a functional single-family residence, that the 19' width of the proposed residence was "pretty much a limitation", that it was not excessive to the size of the lot for modern standards for a single-family residence, that denial of the petition would constitute more than a mere inconvenience and deprive the property owners of a permitted use, and that the relief sought was reasonable and appropriate under the circumstances here present (tr. p. 40, 42, 43). The record contains no evidence contra. A question by a board member was whether or not it would be possible to build a smaller house that's profitable on the property and saleable. His answer was "Everything is possible, I don't know if you qualify that effort for one to review the plan."
The Court has also considered the Board's staff report dated November 27, 1989, relevant portions of which read as follows:
 "Petition of Joseph Serpa and Sarah Silvia, applicant; ESTATE OF MARY SERPA, owner; for a variance to the dimensional requirements for permission to demolish the existing garage and construct a 19' x 30' single family dwelling which will be located approximately 3' from the west property line (10' required) and which will decrease the lot coverage from 29% to 27% (20% allowed) applying to the property located on Hunt Court, Tax Assessor's Plat 32, Lot 89 (R-10 zone)."
 — — — — — — — — — — — —
 "Petitioner wishes to demolish an existing 3-stall garage which is located in a separate lot and construct a single-family dwelling. This new structure would decrease the lot coverage by 2 percentage points and is within the majority of those in the general vicinity. The 3-ft. side yard on the west side of the building will not cause an adverse impact on the abutting property and would allow sufficient room for maintenance on the side of the building. The 19-ft. wide structure is about the minimum for a dwelling to be comfortable. The variances, if approved, will not have an adverse impact on abutting properties. It is recommended that this petition be approved."
The Court is satisfied that there was no substantial evidence before the board to support its findings #5 and #6. The decision appealed from is reversed and the clerk will forthwith enter judgment for plaintiffs for costs.