DECISION
This matter is before the Court on the appeal of the Shawomet Land Company from an adverse decision of the Warwick Zoning Board of Review relative to an application for an exception or a variance pursued by Shawomet to erect a single family dwelling on an undersized lot. The Petitioner filed its application on May 31, 1994; a hearing was conducted by the Zoning Board of Review on June 28, 1994, and its decision of denial was filed in the zoning office on August 24, 1994.
A transcript of the testimony of the June 28th hearing is part of the record on appeal. At the hearing, the Petitioner presented a real estate expert, Francis J. McCabe, Jr., whose opinion that the construction of the proposed single family dwelling would not have an adverse impact on the surrounding properties and that a denial of the request to construct the building would be more than a mere inconvenience, and in fact would be a confiscation, was uncontradicted. Six persons from the area testified generally in opposition to the granting of any relief to Shawomet.
The one page "Decision of the Board," which also is part of the record, sets forward the three reasons of the Board for denying the Petition:
 A. That the granting of this Petition would adversely affect the use, value and enjoyment of the surrounding properties and would be detrimental to the public health, safety, morals and welfare because it is the Boards [sic] opinion that the continued construction on undersized lots would contribute to the over development of the area.
 B. That when the Petitioners purchased the subject property they knew that the property was a substandard lot [sic] therefore, it is the Boards [sic] opinion that the hardship which the applicants seek to avoid was a self imposed [sic] hardship.
 C. Denial of the variance would not amount to more than a mere inconvenience because a house could be built on the lot which does not require set back relief.
Reason B is not a proper and lawful reason for denial. That Shawomet knew the lot was undersized at the time of the purchase does not preclude it from seeking relief otherwise available to similarly situated owners of land. "This factor cannot be employed as support for the denial of an application." DeStefanov. Zoning Board of Review, 122 R.I. 241, 248 (1979).
Reasons A and C are general and unspecific and do not in any way advise the Court as to how the Zoning Board of Review applied the competent evidence presented at the hearing to the controlling law in order to reach its ultimate decision. This has been a problem with decisions of Zoning Boards and other administrative agencies that the Rhode Island Supreme Court has addressed for the past 30 years. See, e.g., IrishPartnership v. Rommel, 518 A.2d 356 (R.I. 1986), Hooper v.Goldstein, 104 R.I. 32 (1968), Hopf v. Zoning Board ofNewport, 102 R.I. 275 (1967), Coderre v. Zoning Board ofPawtucket, 102 R.I. 327 (1967).
Where, as here, the decision of the administrative tribunal fails to make factual findings — or makes purported factual findings that are so vague or general as to be of no use to the reviewing Court — or refuses to relate factual findings to legal principles and ultimate conclusions, the Supreme Court of Rhode Island has declared that the case should be remanded so that a proper decision could be rendered:
 We have also held that when the board fails to state findings of fact, the Court will not search the record for supporting evidence or decide for itself what is proper in the circumstances. Hooper, 104 R.I. at 44, 242 A.2d at 815. The record of the hearing and particularly the Decision of the Zoning Board of Review are lacking sufficient facts that would facilitate our judicial review. The deficiency of the record in this case presents the same problems of review as are found in numerous cases before this Court whose records were also judged inadequate. Irish Partnership v. Rommel, 518 A.2d, at 359.
Earlier, the Rhode Island Supreme Court declared that remand was appropriate relative to:
. . . a decision granting or denying relief which fails (1) to give the reasons and the ground or grounds upon which it is predicated and (2) to point out the evidence on which the ultimate finding or findings are based. . . Hopf v. Zoning Board of Newport, 102 R.I., at 289.
In Hopf, the Supreme Court pointed out that this was the rule to be followed in cases "where the evidence is in conflict." 102 R.I., at 289.
While this Court could exercise its discretion and remand this matter to the Zoning Board of Review to render a more specific decision, it will not do so because there is no apparent conflict relative to the competent evidence and the eight page transcript can be reviewed without undue burden on the Court and in such a fashion that the Court is not required to speculate. Moreover, a remand would unnecessarily create additional financial burdens for both the Petitioner and the taxpayers of Warwick.
Francis McCabe, the real estate expert presented by Shawomet, testified that there were numerous 5,000 square foot lots in the area where 10,000 square feet was the zoning ordinances requirement:
 So in this Overlook Drive area there are, according to my count, thirty four (34) homes on Overlook and twenty four (24) of the thirty four (34) or seventy one (71) percent of the homes on Overlook Drive in this specific area are on the same five 5,000 square foot size lot or even a smaller lot. So seventy one (71) percent of the houses in the area are on lots similar to the one in question this evening, so the proposal to build a house on this lot is not different than what many other people in the area have and thus, would have no effect if a house were built on this lot it would have no effect on the values of the surrounding properties nor on the use or enjoyment of those properties. (TR. 3)
No real estate expert was called to testify against Shawomet's application, and the Board unanimously and without discussion accepted Mr. McCabe's qualifications, as he had apparently appeared before the Board "on numerous occasions." (TR. 1) But when a remonstrant sought to testify relative to a possible decrease in real estate values if the Petition were granted, the Zoning Board Chairman admonished him:
 Again sir, I don't mean to argue with you when it goes to Court your statement or testimony would have no bearing you have to have a real estate expert and when a judge locks at it he wants expert testimony that is the history. (TR. 6)
In sum, there is no competent evidence on the record to support the Zoning Board's conclusion that the granting of the Shawomet Petition "would adversely effect the use, value and enjoyment of the surrounding properties and would be detrimental to the public health, safety, morals and welfare. . ." This Court points out that in the leading case of Viti v. Zoning Board,92 R.I. 59 (1960) the Supreme Court instructed that in matters involving dimensional requirements the Zoning Board is not "required to find that the relief sought will serve the convenience or welfare of the public." 92 R.I., at 65. See also,Gara Realty, Inc. v. Zoning Board of Review, 523 A.2d 855 (R.I. 1987). Therefore, in the instant matter, not only is there no evidence to support the general conclusions of the Board that somehow the construction of this house will have an adverse impact on public health, safety, morals and welfare, it is beyond the legitimate concern of the Board to concern itself with this criteria. The reason is simple, for as Viti pointed out, dimensional restrictions "do not constitute `zoning' as that term is generally construed. They are regulations governing a permitted use as distinguished from the limitations on the use which one may make of his property." 92 R.I., at 65.
Regarding reason C, this Court concludes that the real estate expert's views regarding "confiscation" are uncontradicted, and that the denial by the Board of the requested permission to construct a single family dwelling is indeed more than a mere inconvenience.
As the Zoning Board of Review failed to follow the clear mandates of Viti, supra, and DeStefano, supra, and because the decision of the Zoning Board is clearly erroneous in view of the reliable, probative and substantial evidence of the whole record as discussed above, the decision of the Zoning Board of Review is REVERSED.
Petitioner's counsel shall present an Order in conformity with this decision.