DECISION
Before the Court is the appeal of Pine Street Realty Associates Limited Partnership ("Pine Street") from the August 12, 1994 decision of the Zoning Board of Review for the City of Providence ("the Board") in which the Board granted a variance to the defendant Providence Performing Arts Center ("PPAC"). Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 42-24-69, as amended.
Facts/Travel
PPAC is the owner of the Performing Arts Center located at 220 Weybosset Street in Providence, Rhode Island. The building was constructed in 1928 and is under the jurisdiction of the Providence Historic District Commission. Pine Street owns the office building situated at 101 Friendship Street, also known as 144-150 Pine Street. The Pine Street side of the building is directly across the street from the rear wall of the PPAC.
In 1993, PPAC sought to expand its stage. The stage is in the rear of the building and backs up to the rear wall of the building. Thus for said expansion, it was necessary for PPAC to extend the rear wall by twelve (12) feet. The rear wall is a solid masonry wall which contains no windows.
Because the building is part of the Historic District Commission, PPAC was required to make an application to the Historic Commission to install window openings in the new back wall to comply with the transparency requirements of the Providence Zoning Ordinances. On July 5, 1994 the Historic Commission found that the exterior alterations of adding windows would destroy the historical character of the property.
PPAC then applied to the Providence Zoning Board of Review seeking a variance from the setback and transparency requirements of the Providence Zoning Ordinance. Specifically, PPAC requested relief from sub-sections 306.1(2), 411.1(A) and 411.1(B) of section 904 of the City of Providence Zoning Ordinance, adopted October 24, 1991.
At the advertised hearing of August 3, 1994, the Board heard expert testimony concerning the adverse impact that would occur if PPAC were not granted a variance from the setback and transparency requirements. Evidence was presented as to the functional incompatibility which would be caused by street noise affecting performances if windows were placed in the rear wall. Therefore, in order to maintain the historic nature of the building, PPAC proposed to replicate the existing wall, without any windows, twelve feet back from where the wall stands today.
On August 12, 1994, the Board granted the requested variances. The instant appeal followed.
Pine Street argues in its appeal that PPAC presented no argument or evidence as to any adverse impact amounting to more than a mere inconvenience if it were required to have its building line meet the lot line and the transparency requirements of the Providence Zoning Ordinance. Therefore, Pine Street claims the Board had no proper basis upon which to grant the variance.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
Pine Street challenges the decision of the Board to grant PPAC relief alleging that the Board improperly found that PPAC had satisfied the necessary standard entitling it to relief. Pine Street contends that PPAC failed to establish that evidence tending to show that a denial of the variance would amount to an adverse impact amounting to more than a mere inconvenience as is required.
Variance Relief
Where an applicant seeks relief from regulations which govern a permitted use — such as setbacks — it need only be demonstrated that strict adherence to the regulations will create an adverse impact amounting to something more than a mere inconvenience to the applicant. Viti v. Zoning Board of Review of the City ofProvidence, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). Relief from such regulatory measures is properly granted where an applicant demonstrates before the Board that literal enforcement thereof would preclude the full enjoyment of a permitted use.Westminster Corporation v. Zoning Board of Review of the Cityof Providence, 103 R.I. 381, 387-88, 238 A.2d 353, 357 (1968).
At the hearing, PPAC testified extensively as to the necessity for obtaining relief in order to expand its stage area. In support thereof, PPAC testified that the continued use of a smaller stage would preclude PPAC from presenting the modern, larger and more elaborate productions which have been created for today's high-tech theaters. Although PPAC's building could remain as it is, the evidence presented indicates that the proposed addition is required to put on newer productions so that PPAC could remain economically viable.
Pine Street argues that mere economic benefit does not qualify as the requisite inconvenience warranting a Viti variance. Pine Street relies on Raposo v. Zoning Board ofMiddletown, 104 R.I. 216, 243 A.2d 99 (1968), in which the Court found that the Zoning Board of Middletown had no evidence before it upon which to grant a front and rear yard setback because the proposed building could be constructed in compliance with the ordinance requirements.
In the instant case, the Board had before it evidence, based upon PPAC's testimony, that a denial of the variance would render the stage expansion futile thus creating an adverse impact amounting to more than a mere inconvenience. "In Viti, this Court held that where a property owner is seeking a deviation from a zoning ordinance, he does not have to prove that he is being deprived of all beneficial use of his land. However, there must be a manifestation of an adverse effect amounting to more than a mere inconvenience." Apostolou at 509. Accordingly, after a review of the record, this Court finds that the granting of the setback variance was not clearly erroneous and was supported by probative evidence of record.
Plaintiff's reliance on pure economic motivation of the part of the defendant is misplaced. Taken in its entirety, the testimony of PPAC's architect clearly shows that without the relief from the set back the stage expansion is not possible. PPAC would not be able to continue the full enjoyment of its use as a live theater. Thus the relief sought is not for economic advantage.
With respect to the variance for inserting windows, at the August 3, 1994 hearing before the Board, PPAC read into the record the Resolution of the Historic Commission denying PPAC's proposal to add windows to the new rear wall. It stated in part:
 The proposal to install new window openings on the Pine Street elevations is denied in concept, as it is incongruous with the structure, its appurtenances, and the surrounding historic district. The proposal is not consistent with Providence Historic District Commission Standards 8 and 9 for the following reasons: The exterior alterations will destroy Historic material that characterize the property and the alterations will be done in such a manner that the essential form and integrity of the structure would be impaired.
Due to the Historic Commission's rejection, PPAC in its variance application, proposed to recreate the existing wall twelve feet to the rear, thus duplicating the wall without windows. This proposal will avoid any changes to the historic character of the building, while at the same time modernizing and upgrading the facility in an effort to continue as a live theater.
PPAC presented to the Board that if windows were placed in the new rear wall, noise and light from the street would affect the stage performances, as the rear wall is also the back of the stage. Expert testimony was presented that to soundproof a wall with windows would necessitate building an inside wall which would consequently negate the proposed stage expansion. (See August 3, 1994 Zoning Hearing at pages 6-7).
The record reveals that the Board had before it evidence that a denial of the requested transparency variance would preclude the expansion and therefore would create more than a mere inconvenience. In Gara Realty v. Zoning Board of Review,523 A.2d 855 (R.I. 1987) the Court found that the petitioner seeking a variance from the enforcement of a setback requirement, met his burden by showing that the setback requirement would obstruct the proposed construction. The Gara Realty Court determined this to be more than a mere inconvenience. In the instant case the denial of the requested variance as to transparency would effectively obstruct the expansion of the stage area due to the Historic Commission's ruling. The record amply reveals that such a denial would therefore constitute more than a mere inconvenience. Accordingly, PPAC met its burden before the Board in demonstrating that denial of its application would cause it more than a mere inconvenience and that the requested relief was no greater than that necessary to achieve a beneficial use. SeeStandish Johnson Co. v. Pawtucket Zoning Board of Review,103 R.I. 487.
For the foregoing reasons, this Court finds, after a review of the entire record, the decision of the Board was based on reliable, probative, and substantial evidence before it. Said decision is not clearly erroneous based on the record, nor is the decision arbitrary or capricious, nor did the Board abuse its discretion in granting the variances. Accordingly, the decision of the Board is and must be affirmed.
Counsel shall prepare and submit an appropriate judgment for entry.