DECISION
This is an appeal from a decision of the Zoning Board of Review for the Town of Johnston. The plaintiffs — Pasquale Florio, Joann Florio, Lawrence Crouse, Nora Crouse, and Edmund Rice — are neighboring landowners who are seeking reversal of the Board's written decision dated October 6, 1993. In its decision, the Board granted Joseph DeAngelis's request for relief from Article IX of the Johnston Zoning Ordinance to construct a single-family dwelling on the lot. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.[1]
Facts/Travel
Joseph DeAngelis (defendant) is the owner of a piece of real estate located at 36 Steere Drive in Johnston, Rhode Island, specifically referred to as Lot 25 on Assessor's plat 63. (Tr. at 3.) The lot is located in an R-40 zoning district, a district characterized by a commingling of open land interspersed with residential uses. (Tr. at 3.) Article V, § 1 of the JohnstonZoning Ordinance (1992). In his "Application for Exception or Variation under the Zoning Ordinance," the defendant proposed to construct a "family dwelling." See Application for Exception or Variation under the Zoning Ordinance dated August 31, 1993. A single-family dwelling is a permitted use in an R-40 zone. See
Article V of the Johnston Zoning Ordinance (1992).
Specifically, in his application the defendant requested relief from Article IX, R-40, the dimensional requirements of the zoning ordinance. The dimensional provisions of the ordinance require 40,000 square feet per lot, a minimum lot width of 140 feet, 35 feet side yard setbacks, 40 feet front yard depth and 75 feet rear lot depth. See Article IX of the Johnston ZoningOrdinance (1992).
On September 30, 1993, at a properly advertised scheduled hearing, the Johnston Board of Review heard testimony concerning the application. Joseph DeAngelis testified that he has owned the property since 1979. (Tr. at 4.) The Board also heard from Joann Florio, a resident of Steere Drive, who spoke on behalf of all the objectors present at the hearing. (Tr. at 4.) She expressed her concern about the size of the lot and the lack of a sewer system. (Tr. at 7 and 11.)
Following the hearing, the Board unanimously voted to approve the application. (Tr. at 22.) In a written decision issued on October 6, 1993, the Board made findings and granted the application for the following reasons:
 "1. The public convenience and welfare will be substantially served.
 "2. It will be in harmony with the general purpose and intent of this ordinance.
 "3. It will not result in or create conditions that will be inimical to the public health, safety, morals, and general welfare of the community.
 "4. The appropriate use of neighboring property will not be substantially or permanently injured." (Decision of the Johnston Zoning Board of Review dated October 6, 1993.)
The plaintiffs filed a timely appeal to this Court asserting that the Board's decision was based upon the wrong legal standard and was not supported by substantial evidence.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20 (d), which provides:
 "45-24-20 Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the Board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island PublicTelecommunications Authority, et al. v. Rhode Island LaborRelations Board. et al, 650 A.2d 479, 485 (R.I. 1994).
The Variance Standards
The plaintiffs contend that the Johnston Zoning Board applied an incorrect legal standard when considering the defendant's application for relief under the zoning ordinance. The record reveals that the Johnston Zoning Board applied the standard set forth in the ordinance for granting a special exception. See
Article III of the Johnston Zoning Ordinance. It is also apparent from the record, including the application, that Mr. DeAngelis was seeking a dimensional variance; he was not seeking a special exception. See Article IX of the Johnston Zoning Ordinance and Application for Exception or Variation under the Zoning Ordinance dated August 31, 1993.
Where a landowner seeks the relaxation of certain regulations governing a permitted use, such as restrictions relating to lot size, frontage and yard requirements, the applicant need only demonstrate that strict adherence to the regulations will amount to something more than a mere inconvenience. H.J. Bernard RealtyCo., Inc. v. Zoning Board of Review, 96 R.I. 390, 394,192 A.2d 8, 10-11 (1963); Viti v. Zoning Board of Review, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). This standard has become known as the Viti Doctrine.
The defendant sought a deviation from the regulation of a permitted use. See Application For Exception or Variation under the Zoning Ordinance dated August 31, 1993. Although Article VI of the Zoning Ordinance permits the erection of a single-family dwelling, this use is conditioned upon the defendant's satisfying the dimensional regulation set forth in Article IX of the Zoning Ordinance. Such dimensional relief is considered a Viti variance.Viti, 92 R.I. at 65, 166 A.2d at 213-14. The defendants' threshold burden before the Board, therefore, was to demonstrate that denial of the requested variance would constitute an adverse impact amounting to more than a mere inconvenience. DeStefano v.Zoning Board of Review of Warwick, 122 R.I. 241 at 245, 405 A.2d at 1170 (1979).
With respect to the defendant's application for a Viti
variance for the construction of a single-family dwelling, plaintiffs contend that the defendant presented no probative evidence to the Board to support his application. The plaintiffs assert that the Board's decision is not supported by substantial evidence on the record as a whole.
After reviewing the record, this Court finds that the defendant failed to demonstrate before the Board that he would suffer an adverse impact amounting to more than a mere inconvenience, Viti, 92 R.I. at 64-65, 166 A.2d at 213 (1960) and "that the hardship [was] not the result of any prior action of the applicant and [did] not result primarily from the desire of the applicant to realize greater financial gain." See
R.I.G.L. § 45-24-1(C) and (Tr. at 14.) At the hearing before the Board, the petitioner testified that he could "build a house there and make money like everybody else." (Tr. at 12.) Additionally the record reveals that the petitioner did not demonstrate that the hardship was not self-created. With respect to the creation and existence of subject Lot 25, the Board had before it the following confusing and conflicting evidence:
 "Voice: After he had a purchaser, if he owned it, he couldn't put a house here and a house there, because he had to make up —
 "Voice: No, he put one house on two lots. He didn't have enough square footage to build on these two lots —
 "Voice: So he merged them.
 "Voice: No, he had to buy the other two lots so he would have enough. So he used this one so he had enough room to build and he kept those —
 "Voice: Fine. Now, what's he doing?
 "Voice: But here he didn't have enough square footage to build. He knew this one wasn't big enough to build on when he kept it. He knew it wasn't big enough, because these were not big enough and they were twice the size of that one." (Tr. at 10.)
Moreover, the Board's decision granting relief articulates and is based upon the wrong legal standard.
After a review of the record, this Court finds that the Board's decision granting the dimensional variances was not supported by reliable, probative, and substantial evidence of record and is affected by error of law. Accordingly, the Board's October 6, 1993 decision granting the application is hereby reversed.
Counsel shall prepare the appropriate judgment for entry.
[1] This Court notes that the date of repeal of R.I.G.L. §45-24-20(d) was changed to December 31, 1994. See R.I.G.L. § 45-24-28 (c), as amended by P.L. 1993, ch. 144, § 2, and by P.L. 1994, ch. 92, § 13. The plaintiffs appealed an October 1993 decision of the Zoning Board; therefore, analysis under the statute is appropriate.