DECISION
This case comes before the Court on Plaintiff's (Plaintiff) motion to reconsider decision before the entry of judgment. The pertinent decision that is presently the subject of reconsideration is Matthew O. Kirby v. Robert E. Corey, C.A. NC2001-174, November 14, 2001, J. Pfeiffer. In that decision, this Court reversed a decision which was appealed from the Middletown Zoning Board of Review.
 FACTS/TRAVEL
The subject premises is designated as Assessor's Plat 122, Lot 117A, and is located at 576 Tuckerman Avenue, Middletown in an R-20 zoning district. The applicant filed an application for a dimensional variance from the requirements of the Middletown Zoning Ordinance (Ordinance). Specifically, applicant sought to add one story for an extra bedroom, seven hundred and seventy five (775) square feet, above her existing garage. The proposed purpose of the addition was an additional sleeping space for the applicant's 91 year old elderly mother, who as described by the applicant, "just needed a little privacy, you know, from the noise, the late hours perhaps, and she would have her own bathroom." (Tr. at 11-12.) The applicant's home is a legally existing nonconforming structure; hence the proposed bedroom above the garage was interpreted by the Middletown Zoning Officer as "increasing the extent of the nonconformity," therefore requiring a dimensional variance. Section 803G of the Middletown Zoning Ordinance states "[i]f a nonconforming structure can be extended or enlarged in any lawful manner without increasing the extent of its nonconformity, then any extension or enlargement thereof shall only be permitted in accordance with the District Dimensional Regulations of Section 603." Accordingly, a dimensional variance was sought.
The Board conducted a hearing on the application on March 27, 2001. During this hearing, the Board heard testimony in favor of the application from the applicant, two neighbors and the applicant's expert, Mr. Paul Hogan, a real estate expert. In opposition to the application, the Board did not hear any adverse witnesses. After hearing all of the testimony, the Board voted 4-1 in favor of granting the relief requested, finding that all the standards for granting a dimensional variance were met. The Board issued a written decision on April 19, 2001.
The appellants timely appealed the Board's decision on May 7, 2001. This Court exercised jurisdiction over the appeal pursuant to G.L. §45-24-69, thereafter reversing the Board's decision on November 14, 2001. On December 3, 2001, Plaintiff filed a motion for reconsideration that is presently before this Court.
 MOTION TO RECONSIDER
The Plaintiff has asked this Court to overrule its earlier decision of November 14, 2001, which reversed the Middletown Zoning Board's decision of April 19, 2001 granting the application of Janice Degaetano for a dimensional variance. As grounds for their request, Plaintiff argues that the previous decision of the Court is founded upon cases which have been superseded by the new Zoning Enabling Act of 1991, P.L. 1991, ch. 307, § 1 (1991 amendment). Specifically, Plaintiff has argued that the Rhode Island Supreme Court in Sciacca v. Caruso, 769 A.2d 578 (R.I. 2001), explicitly overruled the cases that this Court relied on in reversing the Middletown Zoning Board. Furthermore, Plaintiff has argued that this Court's determination regarding the "physical disability" of the applicant is incorrect in light of the facts on the record and G.L. § 45-24-41(c)(1).
In Viti v. Zoning Board of Review of City of Providence, 92 R.I. 59,166 A.2d 211 (1960), the Supreme Court of Rhode Island initially set the standard for the demonstration of hardship in dimensional variance cases. In Viti, our Supreme Court held that in order for an applicant to obtain dimensional relief, a landowner "need only demonstrate an adverse impact amounting to more than a mere inconvenience." Id. at 214. The Viti decision, however, predated the General Assembly's comprehensive amendments to the Rhode Island zoning laws enacted in 1991. See Sciacca,769 A.2d 578, 582; R.I. Gen. Laws 1956 § 45-24-19(c) (repealed). Through the passage of the new 1991 Zoning Enabling Act, the Legislature successfully superseded the burden of proof set by the Supreme Court in Viti and made the acquisition of a dimensional variance much more difficult for applicants. See G.L. §§ 45-24-27 to 45-24-72; Sciacca, id. According to the new, more specific definition of "mere convenience," an applicant now must show that "there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property." See § 45-24-41(d); Sciacca, id. This definition suggests two different things. First, if a property owner can enjoy a single, legally permitted beneficial use of the property without the proposed variance, as a reasonable alternative to doing so with the proposed variance, then the application for a dimensional variance should be denied. See Sciacca, n. 6. Second, while the "more than a mere inconvenience" standard has undoubtedly been abolished, the new threshold for dimensional relief was deliberately fashioned to be higher than that set forth in Viti. In that sense, the cases utilizing the "more than a mere inconvenience" standard have constructively been strengthened when viewed in light of Sciacca. More specifically, it is logical to conclude that if a particular set of facts does not meet the lower standard of Viti, then by no stretch of the imagination could those facts ever meet the higher threshold set forth in Sciacca.
In the present case, this Court used pre-Sciacca cases only to illustrate that if the lower standard for dimensional relief was not met, then by no means had the heightened standard of "no other reasonable alternative" been met. This Court stated, "when applying the aforementioned guidelines to the case at bar, it is clear that the applicant's situation neither rises above the level of mere inconvenience nor does it rise to the even higher standard as set forth in Sciacca." Matthew O. Kirby v. Robert E. Corey, C.A. NC2001-174, November 14, 2001, J. Pfeiffer, p. 7. It is ironic that the Plaintiff asks this Court to preclude the use of pre-Sciacca cases when, in fact, it is those cases that come closest to justifying the dimensional relief sought by Plaintiff. Therefore, the Court finds that its prior decision of November 14, 2001, which utilized the new more exacting interpretation of the phrase "more than a mere inconvenience" as elucidated in the Supreme Court's decision in Sciacca, was supported by the current standard pertaining to the review of the Board's approval of a dimensional variance.
The Plaintiff in the present motion for reconsideration also argues that this Court committed an error of law when it determined that the dimensional relief sought was based upon the "physical disability" of the applicant, therefore directly violating one of the legal preconditions necessary for granting variance relief pursuant to § 45-24-41(c)(1). Once again, it is ironic that the Plaintiff relied so heavily at the Zoning Board hearing on the age of the applicant's mother, only now to dismiss her age as "irrelevant" to a determination of relative hardship under § 45-24-41(c)(1). There is no doubt based upon the record in this case that Plaintiff sought the dimensional relief it did because of the age and particular sensitivities of her mother. Therefore, because the age of the Plaintiff's mother was the driving force behind the dimensional relief sought, it was not error for this Court to conclude that the "hardship from which the applicant seeks relief" is due to a "physical disability," namely age, of the Plaintiff's 91 year old mother.
 CONCLUSION
After reviewing the motion for reconsideration, this Court finds that its prior decision of November 14, 2001 was wholly supported by existing law. Therefore, the Plaintiff's motion for reconsideration is denied. Counsel shall prepare the appropriate order after notice.