230 A.2d 880.

JOSEPH P. McNALLEY *vs.* ZONING BOARD OF REVIEW
OF THE CITY OF CRANSTON.

JUNE 27, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition for a writ of certiorari to review the decision of the respondent board of review, hereinafter called the board, whereby it granted the application of John E. McShane for permission to use land located in a residential district for a horse-riding ring for a period of five years. Pursuant to our writ, the pertinent records have been certified to this court.

Although the instant application sought an exception or variance for the proposed equestrian endeavor, the board granted the applicant a "special permit" to carry on the activities complained of by petitioner. As authority for its action, the board points to the provisions of chap. 30, sec. 49 (n), of the Cranston zoning ordinance (1966) which reads:

"The Zoning Board of Review shall have the power in appropriate cases and subject to appropriate conditions

and safeguards to issue special permits as authorized by this ordinance in harmony with its general purpose and intent. In issuing such permits, the Board shall determine that the use meets the following requirements:

"It shall be compatible with its surroundings.

"It shall not be injurious, obnoxious, or offensive to the neighborhood.

"It shall not hinder the future development of the City.

"It shall promote the general welfare of the City."

We are intrigued by the city council's classification of the power it has purportedly given the board under this section of the zoning ordinance as the authority to issue "special permits." Sec. 49 (m) of the ordinance allows the board to grant in certain circumstances special exceptions.[1] When the general assembly enacted G. L. 1956, §45-24-13, it permitted the local legislative bodies of the various municipalities of this state to provide a board of review with the authority to make special exceptions to the terms of the zoning ordinance. This section of the enabling act left the matter of special exceptions to their wisdom and good judg-

---

[1] "(m) Special Exception Powers

"The Zoning Board of Review shall have the power in appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance in harmony with its general purpose and intent and where such exceptions are reasonably necessary for the convenience and welfare of the public and where appropriate use of neighboring property will not be substantially injured in the following cases:

"To permit minor irregularities in the alignment of buildings

"To grant an extension of a building or use no more than fifty (50) feet into a more restricted district immediately adjacent thereto.

"To authorize the change of a nonconforming use to one no more harmful or objectionable.

"In residential districts and for residential use in all other districts, the Zoning Board of Review shall not have the power to reduce the area requirements called for in this ordinance by more than 10% under special exceptions."

ment so long as it met the criteria set forth therein.[2] The terms "special exceptions" and "special permits" in a proper case may hold the same legal import and be used interchangeably. Whether these two terms are synonymous, depends upon the provisions of the ordinance in which they appear. Because of the result we reach in this cause, it is not necessary to determine the scope of the board's power to grant a so-called special permit. Our use of both terms in this decision, however, should not be taken as any indication one way or the other as to our belief as to the extent of the authority of the city council to allow the board to grant a special permit.

The record shows that the applicant informed the board that the ring would be used to train young people to ride horses. The children would be charged $2 an hour for the instructions they received. Only children who were "members" could take advantage of this service.

The uses permitted in this district by way of special permit are: philanthropic, religious institutions other than schools and churches, hospital or sanitarium, swimming pool, tennis court, yacht club, cemetery, and golf club. The board concedes that there is no specific authority given it to permit in this section of the city an endeavor such as was described by the applicant. In its decision, however, the board stated it was moved to act as it did because there is a need for this type of recreational activity in this area of Cranston.

---

[2]"45-24-13. The city council of any city or the town council of any town shall provide for the selection and organization of a board of review, and in the regulations and restrictions adopted pursuant to the authority of this chapter shall provide that said board of review may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained, or where such exception is reasonably necessary for the convenience or welfare of the public."

However desirable the board believes a horse-riding ring may be, if its use is not authorized by the city council by way of a special permit, the board has no authority to permit its operation. We have consistently held that the power of a zoning board of review to make exceptions to the terms of a zoning ordinance is controlled by the pertinent provisions thereof. *Goelet* v. *Board of Review,* 99 R. I. 23, 205 A.2d 135; *Cole* v. *Zoning Board of Review,* 94 R. I. 265, 179 A.2d 846. The board's action herein was clearly in excess of its jurisdiction. If a horse-riding ring is to be allowed in a residential section under the circumstances of the instant cause, provision for such an activity as a permitted use by way of a special exception must be made by the legislative branch of the municipality and not by a quasi-judicial fiat of an administrative agency as the respondent board.

The petition for certiorari is granted, the decision of the board is quashed and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Robert J. Harrop,* for petitioner.

*Jeremiah S. Jeremiah, Jr.,* Assistant City Solicitor, for respondent.