232 A.2d 355.

PETER MONOPOLI *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

JULY 26, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition for a writ of certiorari to review a decision of the zoning board of review allowing the use of land in a district zoned residential as a parking lot for the automobiles of customers of a nearby restaurant. The writ was issued, and the board has certified to us the pertinent records.

The applicants operate a restaurant located on the southwesterly corner of Atwood avenue and Fortini street. Although the main entrance to this establishment is on Atwood avenue, entry thereto may be had through a side door which opens onto Fortini street. Photographs in the record show that the applicants' restaurant is known as Sonny Russo's Restaurant. A sign on the front of the building informs the passerby that the applicants here not only serve "seafood daily" but for those so interested "beer on draught" is to be found within.

The restaurant's patrons had made it a practice to park their automobiles on both sides of Fortini street. Early in 1966, however, the city of Cranston promulgated an ordinance which restricted such parking to the easterly side of the roadway. Faced with this loss of parking spaces, which in the past have served the parking needs of their customers, applicants entered into negotiations for the lease and ultimate possible purchase of two vacant lots on the easterly side of Fortini street about 100 feet south of the restaurant.

The record shows that Fortini street is a narrow dead-end road. The petitioners reside on the street and are owners of dwellings which either abut the proposed parking lot or lie directly across the street from it.

In our consideration of this cause, we are concerned be-

cause we can find no legislative basis for the board's approval of the instant application which allows a commercial endeavor to intrude upon a residential area of the city of Cranston. The application states that relief is sought pursuant to the provisions of sec. 30-49 (m) and (n) of the Cranston zoning ordinance (1966). Section 49 (m) describes the board's power to make special exceptions to the ordinance. Section 49 (n) refers to the board's power to grant a special permit. We reviewed both these provisions in *McNalley* v. *Zoning Board of Review*, 102 R. I. 417, 230 A.2d 880, and we see no need to extend that discussion here. The board in its brief and argument contends that it granted a special exception in the instant case.

We have examined the Cranston zoning ordinance and nowhere therein can we find any authority given by the city council to the board to permit the establishment of a parking lot in areas of the city which the council has zoned residential. We repeat what we said in *McNalley*. The power of a zoning board of review to make exceptions to the ordinance is controlled by the pertinent provisions thereof. If the ordinance does not supply this power, it cannot be exercised.

Section 30-26 of the ordinance dwells at some length on the requirements for the establishment of off-street parking. A review of sec. 30-26 (a)[1] shows that the ordinance requires off-street parking spaces be supplied to any use or structure begun or expanded after the effective date of the ordinance which was January 1966. Here the applicants' restaurant receives no assistance from this section because

---

[1]Sec. 30-26 (a) Applicability

"No land shall be used or occupied and no structure shall be erected or used unless the off-street parking spaces required herein are provided. Such parking spaces are not required for any structure or use existing at the time of enactment of this ordinance: provided, however, that parking spaces as specified in this ordinance shall be provided for any enlargement or alteration to any such existing structures or use."

their business undertaking preceded the enactment of the ordinance by many years and its size is not being expanded.

It is obvious that the board has acted in excess of its jurisdiction and its actions herein must be reversed.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Pat Nero,* for petitioners.

*Jeremiah S. Jeremiah, Jr.,* Ass't City Solicitor, *Richard A. Cappalli,* of counsel, for respondent.