Stephen J. SAKO et al.

v.

Christopher DELSESTO, Jr., Mario Carlino, Nobo K. Sircar, Julius Krasner and Michael Doran in their collective capacity as the Zoning Board of Review of the City of Cranston and Gerald J. Lanni and Sally Ann Lanni.

No. 95–316–M.P.

Supreme Court of Rhode Island.

Feb. 14, 1997.

Anthony M. Gallone, Providence, for Plaintiffs.

Christopher E. DePalo, Thomas B. DiSegna, Cranston, for Defendants.

## OPINION

WEISBERGER, Chief Justice.

This case came before the court on a petition for certiorari wherein the petitioners, Stephen J. Sako and Lucille L. Sako (remonstrants), seek a review of a judgment of the Superior Court affirming a decision of the Cranston Zoning Board of Review (the board) that granted a dimensional variance from street-frontage and side-yard-setback

requirements to Gerald J. Lanni and Sally Ann Lanni (the Lannis).

The Lannis, who are father and daughter, applied to the board for a variance in order that a single-family residential dwelling might be constructed on a parcel of real estate owned solely by the father. This parcel consisted of two lots numbered 1654 and 1655 on assessor's plat No. 12/2 on Royal Avenue in Cranston. These lots were located in a residential A–8 zone, which required a minimum of 8,000 square feet in area, a minimum front-yard setback of 25 feet, a minimum rear-yard setback of 20 feet, a minimum side-yard setback of 10 feet and a minimum street frontage of 80 feet. The two lots met all the ordinance's requirements except the street-frontage and the side-yard-setback requirements.

The board held a public hearing on October 13, 1993, and unanimously granted the application by a decision made October 14, 1993. The decision required a lefthand side-yard setback of ten feet and reduced the street-frontage requirement to sixty feet. In order to implement the frontage requirement, the zoning board directed Gerald J. Lanni and his wife, Alice Lanni, to convey a strip of land from lot No. 1648 that they owned jointly. Lot No. 1648 was adjacent to the subject lots (Nos. 1654 and 1655). This strip of land was a pie-shaped parcel tapering from twenty feet of street frontage to three feet at the back end of the lots. Gerald and Alice were willing to make this conveyance. The remonstrants appealed the board's decision to the Superior Court.

The case was submitted on the parties' briefs to a justice of the Superior Court who remanded the case to the board in order to determine whether lot No. 1648 and the subject lots were owned by the same person or persons and also whether lot No. 1648 and the subject lots had merged to form one conforming lot. In response to the remand, the board on September 14, 1994, rendered a decision finding that lot No. 1648 met the area requirements and would not merge with the subject lots, which also independently met the area requirements. Furthermore, the board found that lot No. 1648 was owned jointly by Gerald and Alice Lanni, whereas the subject lots were owned by Gerald alone. Thus lot No. 1648 and the subject lots were not held in common ownership.

Thereafter the matter was returned to the Superior Court where another justice reviewed the record and affirmed the board's decision granting the Lannis a dimensional variance and dismissed the appeal of the remonstrants. The remonstrants then sought review by this court by petition for a writ of certiorari. The writ issued on August 17, 1995. In support of their petition, remonstrants raise two issues that will be considered in the order raised in their brief.

I

Whether The Zoning Board Exceeded Its Jurisdiction By Requiring The Conveyance Of An Additional Twenty-foot Strip From Lot No. 1648

The remonstrants argue that the board had no such power and that the requirement of this conveyance created a subdivision. They also argue that lot No. 1648 merged with the subject lots because they were in effect in common ownership. Neither of these arguments has merit.

■ At the time of the granting of this variance, G.L.1956 § 45–23–1(1)(a) defined a subdivision as "the division of a lot, tract, or parcel of land into two (2) or more lots, tracts, parcels, or other divisions of land for sale, lease, or other conveyance * * *." In the instant case there is no question that this conveyance did not create two or more lots, tracts, or parcels of land. Consequently we hold that this conveyance did not constitute a subdivision.

■ Certainly the board had no authority to order Gerald and Alice to convey the strip of land, but since Gerald and Alice were willing to do so, in our opinion the remonstrants have no standing to object. Gerald and Alice were quite willing to make this conveyance as a condition of receiving the dimensional variance.

II

Whether Lot No. 1648 Merged
With The Subject Lots

■ We also conclude that lot No. 1648 did not merge with the subject lots because

they were not held in common ownership. Gerald Lanni owned lot No. 1648 jointly with his wife but owned the subject lots alone and not jointly with his wife. Therefore, the lots were not in common ownership as required by the merger statute. G.L.1956 § 45–24–38. The remonstrants contend that the wife had a dower interest in the subject lots and that such interest would create a merger. This contention is without merit. Both dower and curtesy rights were abolished by G.L. 1956 § 33–25–1, effective April 17, 1978. *See* § 33–25–6. It is also significant that § 30–9(b) of the Cranston City Code requires merger "[i]f two or more contiguous [nonconforming] lots are owned by the same person." The trial justice did not err in upholding the decision of the board that lot No. 1648 did not merge with the subject lots.

■ Although remonstrants in their brief raise only the questions of the jurisdiction of the board to order conveyance of a portion of lot No. 1648 and the merger of the subject property with lot No. 1648, we are also of the opinion that the trial justice was correct in upholding the dimensional variance on its merits.

This court in *Bamber v. Zoning Board of Review of Foster,* 591 A.2d 1220 (R.I.1991), reviewed the doctrines of dimensional variance and drew a distinction between a "true" variance and a deviation. In that case we pointed out that "a 'true' variance is relief to use land for a use not permitted under the applicable zoning ordinance." *Id.* at 1223; *see also Westminster Corp. v. Zoning Board of Review of Providence,* 103 R.I. 381, 385, 238 A.2d 353, 356 (1968). We pointed out that "[a] deviation is relief from restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirement." *Bamber,* 591 A.2d at 1223; *see also Felicio v. Fleury,* 557 A.2d 480, 482 (R.I.1989); *Gara Realty, Inc. v. Zoning Board of Review of South Kingstown,* 523 A.2d 855, 858 (R.I. 1987).

It is interesting to note that these cases refer to the seminal case of *Viti v. Zoning Board of Review of Providence,* 92 R.I. 59, 166 A.2d 211 (1960), in which the word "deviation" was not enunciated but in which a variance was approved that relaxed side- and rear-yard regulations. This court has held that the burden of proof for dimensional variances or deviations is a showing of "only an adverse impact amounting to more than a mere inconvenience." *Bamber,* 591 A.2d at 1223. We are of the opinion that in the instant case the Lannis amply satisfied this burden of proof.

For the reasons stated, the petition for certiorari is denied. The judgment of the Superior Court is affirmed, and the writ heretofore issued is quashed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon.