DECISION
Before the Court is the appeal of Mark and Christine Marcus (Appellants) challenging the Town of East Greenwich Zoning Board of Review's (board) grant of a dimensional variance to Valleywood Associates, Inc. (Appellee). This Court has jurisdiction pursuant to R.I.G.L. 1956 § 45-24-69. For the reasons set forth, the Marcus' appeal is sustained, and the decision of the board is reversed.
 FACTS
Appellee constructed a single-family home on Lot 449, Plat 15G on Canterbury Lane in East Greenwich, Rhode Island. The property is located in a "F-2" zone, which denotes "farming district . . . two acres." East Greenwich Zoning Ordinances, Art. III, § 1(g). Appellee constructed the home 1 inside the thirty-foot side-yard setback limitation for a F-2 zone, thereby encroaching upon the setback limitation by approximately 2.3 feet. As a result, 2.3 feet of the first floor garage and second floor master bedroom violate the thirty-foot setback limitation.
According to Appellee, the construction of the home inside the setback limitation was by way of accident. Appellee discovered the violation during an "as-built" inspection of the foundation.[1] However, construction had proceeded to the point that the home had already been plastered or was "pretty close to being plastered." (Tr. at 8.) While the parties were unsure why the foundation was poured outside the envelope, Steven Shackleton, a contractor and the principal of Valleywood, speculated at the hearing that, "the excavator . . . knocked the stake over and then subsequently just planted it back. That's what I think happened." (Tr. at 11.)
On August 28, 2000, Appellee petitioned the board requesting a dimensional variance[2] from the thirty-foot side-yard setback limitation. Appellants appeared at the hearing and through counsel objected to Appellee's request. In a written decision issued on September 14, 2000, by unanimous vote, the board granted Appellee's request for a dimensional variance. The board attached several conditions to the granted variance: namely, Appellee was required to construct a retaining wall in order to protect Appellants' property and Appellee was required to "clean up any debris and/or other encroachments made onto neighboring property." (Board Decision at 2).
Appellants are abutting landowners who own property located at 90 Canterbury Lane. On appeal, Appellants argue that board's decision was clearly erroneous in that (1) Appellee created the hardship necessitating the need for dimensional relief and (2) the record is devoid of any evidence establishing that there was no other reasonable alternative use of Appellee's property.
Appellee contends that the correct standard for granting a dimensional variance lies with the jurisprudence predating the 1991 enactment of the Zoning Enabling Act. Specifically, Appellee argues that upon the showing of a "mere inconvenience," a dimensional variance may be granted. According to Appellee, the record from the board hearing and the board's decision satisfies this burden. Appellee also asseverates that the hardship necessitating the relief was not the result of prior action on Appellee's behalf but that instead the hardship was due to the unique characteristics of the structure.
 STANDARD OF REVIEW
R.I.G.L. 1956 § 45-24-69 provides in relevant part that when reviewing the decision of a zoning board of review, the Superior Court:
 shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing the decision of a zoning board of review, this Court must examine the entire certified record to determine whether substantial evidence exists to support the findings of the zoning board of review. Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing 4 DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257, 260 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 509, 388 A.2d 821, 825 (1978)).
 DIMENSIONAL VARIANCE
Appellee contends that the proper standard for granting a dimensional variance requires only the demonstration of an adverse impact amounting to more than a mere inconvenience. See Viti v. Zoning Board of Review,92 R.I. 59, 166 A.2d 211 (1960); Felicio v. Fleury, 557 A.2d 480, 482 (R.I. 1989); Gara Realty v. Zoning Bd. of Review, 523 A.2d 855, 858 (R.I. 1987).
However, Appellee's cited case law predates the passage of the 1991 Zoning Enabling Act, R.I.G.L. 1956 § 45-24-41 and 45-24-42. The amended Zoning Enabling Act superseded Viti and its progeny and now provides a heightened statutory burden of proof. Sciacca v. Caruso,769 A.2d 578, 583 (R.I. 2001); Bernuth v. Zoning Bd. of Review,770 A.2d 396, 400 (R.I. 2001); See also Newton v. Zoning Bd. of Review,713 A.2d 239, 241 (R.I. 1998) (amended Zoning Enabling Act supersedes case law that is inconsistent with the amended statute).
Under the new statutory framework, in order for a property owner to obtain a dimensional variance, the applicant must establish:
 that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience, which means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief. (Emphasis added.)
R.I.G.L. 1956 § 45-24-41(d)(2). Therefore, a showing of hardship is a necessary threshold for an applicant seeking a dimensional variance. Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001). Specifically in order to satisfy its burden, Appellee must prove that there is no "other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property." R.I.G.L. 1956 § 45-24-31(61)(ii), Sciacca, 769 A.2d at 583. Appellee also bears the burden of showing that a factual basis appears in the record to support the statutory requirements allowing for dimensional relief, namely that there is "no other reasonable alternative." Bernuth v. Zoning Bd. of Review, 770 A.2d 396, 401 (R.I. 2001).
According to Appellee, any modification reducing the size of the garage and master bedroom would change the "characteristic of the house." (Tr. at 10.) The record reveals that in order to correct the setback violation Appellee would have to remove a portion of the building and reduce the foundation proportionately. (Tr. at 10.) Steven Shackleton, a contractor and the principal of Appellee, testified at the hearing and estimated that the cost of making such alterations would be between five and ten thousand dollars. (Tr. at 12.) While this evidence highlights the effort and cost to Appellee in order to achieve compliance with the setback limitations, such evidence does not establish that the subject property has no other reasonable alternative use. R.I.G.L. 1956 §45-24-41(d)(2).
Additionally, Appellee did not provide the board with evidence establishing the lack of reasonable alternatives. An 7 applicant for a dimensional variance must provide a zoning board with evidence that the applicant has no other reasonable alternative to enjoy a legally permitted beneficial use of his or her property. Bernuth, 770 A.2d at 401. In fact, a reasonable alternative does exist. According to Appellee's principal, the encroaching portion of the home could be removed at an estimated cost between five and ten thousand dollars. (Tr. at 12.) The record fails to limn any evidence of substantial hardship. As a result, Appellee did not satisfy its requisite statutory burden, R.I.G.L. 1956 § 45-24-41(d)(2), for a dimensional variance.
Appellee is also estopped from obtaining dimensional relief. R.I.G.L. 1956 § 45-24-41(c)(2) provides, "That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain." Here, Appellee, through its excavators, created the very hardship necessitating the requested relief. Appellee argues that Valleywood did not have an agency or master-servant relationship with any of the independent contractors. However, the statute requires that the hardship not result from "any prior action of the applicant." R.I.G.L. 1956 §45-24-41(c)(2). Appellee hired the excavation company which, Appellee speculates, moved a stake prior to pouring the foundation and thereby caused the foundation to encroach upon the setback requirement. Through its hired excavator, Appellee has created the encroachment and thus violated the side-yard setback limitation. Since R.I.G.L. §45-24-41(c)(2) prevents the grant of dimensional relief caused by "any prior action" of an applicant, Appellee is not entitled to a dimensional variance.
 Adequacy of Written Decision
A zoning board's decision must include "all findings of fact and conditions", R.I.G.L. 1956 § 45-24-61, and the "reasons for the action taken." Sciacca, 769 A.2d at 585 (quoting, Irish Partnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986)). The board's findings must be "factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany." Id. A zoning board of review has an obligation to elucidate its conclusions and reasoning. Sciacca, 769 A.2d at 585; Bernuth, 770 A.2d at 401. The board's decision fails to illustrate a factual basis upon which the board could have determined that Appellee had no "other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property." R.I.G.L. 1956 § 45-24-31(61)(ii). There is no evidence that the board considered the statutory requirement since the decision did not even reference R.I.G.L 1956 § 45-24-41(d)(2). The board did not discuss reasonable alternatives to the proposed relief or the lack of reasonable alternatives. Instead, the board's decision was conclusional and failed to apply the proper statutory analysis. See, Bernuth, 770 A.2d at 402. As a result, the board's decision is reversed on this ground as well.
 CONCLUSION
Due to its failure to apply the proper statutory analysis enumerated in R.I.G.L. § 45-24-41(d)(2) and its failure to address no other reasonable alternatives for the use of the property, the board's decision was affected by error of law and was clearly erroneous. Accordingly, after review of the entire record, this Court reverses the decision of the board.
Counsel shall submit an order and judgment for entry by the Court.
[1] The Town of East Greenwich requires an as-built inspection of a foundation in order to ensure compliance within the "building envelope." (Tr. 8).
[2] A "true variance" refers to situations where a property owner seeks a particular use for land that is not currently permitted in that zoning district under the applicable zoning ordinance. Sciacca v. Caruso,769 A.2d 578, 582 (R.I. 2001); Sako v. DelSesto, 688 A.2d 1296, 1298 (R.I. 1997). A dimensional variance, which is also referred to as a "deviation" or "area variance," contemplates relief from dimensional restrictions, in an otherwise permitted use of land, such as setback, height, or area restrictions. Id. For the purposes of this opinion, the Court will refer to relief from dimensional restrictions as a dimensional variance.