DECISION
Appellants, Uncle Bob's Self-Storage and Sovran Acquisition Limited Partners, challenge the Town of East Greenwich Zoning Board of Review's (Board and Appellee) denial of a special-use permit to Appellant. This Court has jurisdiction pursuant to R.I.G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
Appellants own and operate Uncle Bob's Self-Storage facility, which is located at 2771 South County Trail, East Greenwich, Rhode Island. The subject property is designated as Assessor's Plat 18C, Lot 93. Lot 93 is a tract of land that is split zoned with the front two hundred feet of the parcel zoned Commercial Highway (CH). That portion of the lot is presently undeveloped. The back portion of the property is zoned Light Industry and Office District (M/LIO). Five storage/warehouse buildings are currently situated on the back portion of the parcel, which is entirely within the M/LIO zone of the property.
Appellants seek to develop the front portion of the parcel, and on July 14, 2000, they filed an application with the Board requesting a use variance for the purpose of constructing two new storage buildings on the CH portion of their property. At no time material hereto did the East Greenwich Zoning Ordinance permit storage/warehouse facilities in CH zones. At the time of application, the East Greenwich zoning ordinance did not permit storage/warehouse facilities in M/LIO either. At that time, the Appellants' operation of storage facilities in the rear portion of its property constituted a nonconforming use.
On July 25, 2000, the East Greenwich Town Council amended the Town's zoning ordinance. As it pertains to Appellants' property, the amendment now permits the operation of storage/warehouse facilities in an M/LIO zone. The amendment does not modify the prohibition of such facilities on parcels zoned CH. The amendment also allows owners of nonconforming uses to expand their nonconforming use by applying for a special-use permit. East Greenwich Zoning Ordinance, Art. V, § 4.3.
On September 20, 2000, five days before the Board considered Appellants' application, the East Greenwich Planning Board approved unanimously Appellants' warehouse construction proposal. In its recommendation, the Planning Board acknowledged that the front portion of the parcel was zoned CH and that only the back portion of the parcel was zoned M/LIO. (Planning Board Staff Report). Additionally, the Planning Board found that Appellants' proposal adding two, two-story storage buildings to the front portion of the parcel "fit[s] with the character of the Commercial Highway development at this location on Route 2." (Recommendation of the Planning Board, at 1.)
Appellants' application for a use variance came before the Board on September 25, 2000. At the hearing, Appellants petitioned the Board to amend their application from a request for a use variance to a special-use permit. (Tr. at 1.) The Board permitted the amendment and considered the application as one for a special-use permit. (Decision at 2.) Appellants presented evidence in support of their application without opposition. Nonetheless, the Board denied Applicants' application for a special-use permit by a vote of four to one. (Tr. at 30; Decision at 2.)
In denying Appellants' application, the Board stated in its written decision that: (1) the proposed buildings would be too close to Route 2; (2) the proposed buildings were inconsistent with the recent "high end office development" in the area; (3) the proposed vegetative buffers were inadequate to prevent diminishing property values in the surrounding area; and (4) the application failed to satisfy all the criteria for the grant of a special-use permit, namely Appellants did not prove that the application was in harmony with the Comprehensive Plan and surrounding uses. (Decision at 2.)
Appellants timely appealed the Board's decision to this Court. On appeal, Appellants argue that Article V, § 4.3 of the East Greenwich Zoning Ordinance allows Appellants to expand their preexisting nonconforming use by way of a special-use permit. According to Appellants, since they were already operating storage/warehouse facilities as a preexisting nonconforming use, they met the criteria for a special-use permit as provided for in Article V, § 4.3. Appellants contend that they demonstrated the necessary elements to receive a special-use permit and argue that the Board's denial of Appellants' request constituted an abuse of discretion. Appellants argue further that the Board misconstrued the July 2000 zoning amendments, and that the Board's construction of the amendments led to an unintended and absurd result in derogation of the Town Council's legislative intent.
On appeal, the Board asserts that Appellants' nonconforming use was terminated by the July 25th amendment which permits storage/warehouse facilities in zone M/LIO. By virtue of this new amendment, Appellants' current operation compromises a conforming use. Under Article V, § 4.3, a special-use permit can be granted to expand a nonconforming use. The proposed project seeks to construct storage/warehouse buildings on the undeveloped portion that is zoned CH (a use which is not permitted in a commercial highway district), not on the developed portion that is zoned M/LIO. The project would not expand a nonconforming use but would constitute construction of an undeveloped site for a use not permitted by the applicable zoning. The Board argues that Appellants' appropriate remedy therefore is to request a use variance.
Appellants respond that the Board is estopped from pursuing this asseveration on appeal since it was not raised at the hearing before the Board.[1]
 STANDARD OF REVIEW
General Laws § 45-24-69 provides in relevant part that when reviewing the decision of a zoning board of review, the Superior Court:
shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The Court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing the decision of a zoning board of review, this Court must examine the entire certified record to determine whether substantial evidence exists to support the findings of the zoning board of review. Salve Regina College v. Zoning Bd. of Rev., 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the Board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257, 260 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 509, 388 A.2d 821, 825 (1978)).
 SPECIAL-USE PERMIT[2]
Appellants seek a special-use permit to construct and operate storage/warehouse facilities on a split zoned parcel. The portion of the parcel they wish to develop is zoned CH. CH zoning does not permit storage/warehouse facilities.
Neither party has challenged the validity of split zoned lots. The East Greenwich zoning ordinance contains no provisions relative to the treatment of split lots. Nonetheless, there is no requirement that a municipal zoning ordinance must expressly authorize split zoned lots. Crozier v. Doire, 1992 WL 813564 (R.I. Super.), See also, City of East Providence v. Rhode Island Hospital Trust National Bank, 505 A.2d 1143, 1144 (R.I. 1986) (recognizing the existence of split zoned lots).
The zoning applicable to the rear portion of the property is not relevant to the instant dispute. The amendment to the ordinance affects the rear portion of the property, not the front portion. Since the East Greenwich Zoning Ordinance does not prohibit split zoned parcels, the Board was bound to consider the zoning for the applicable section of the lot. The proposed use was prohibited by the zoning ordinance for the front portion of the parcel.
The Appellants should have pursued an application for a use variance, not a special-use permit. When a landowner seeks to use land for a purpose not ordinarily permitted, a variance must first be obtained. Gara Realty v. Zoning Bd. of Rev., 523 A.2d 855, 858 (1987). A true variance seeks relief to utilize land for a use not permitted under the applicable zoning ordinance. Sako v. DelSesto, 688 A.2d 1296, 1298 (R.I. 1997).
The East Greenwich zoning ordinance allows as a matter of right storage/warehouse facilities in only three zones: W (Waterfront), M/LIO (Light Industry and Office District), and CD-2 (Commercial Downtown Two District). Article III, Table #3-1 Permitted Uses By Zone. The ordinance permits a storage/warehouse facility via a special-use permit only in zone F2 (Farming District). Id. It does not allow storage/warehouse facilities in a CH zone either as a matter of right or via a special-use permit.
A special-use permit is relief expressly allowed by the applicable zoning ordinance. Bamber v. Zoning Bd. of Rev., 591 A.2d 1220, 1223 (R.I. 1991). A special-use permit authorizes a conditionally permitted use. Northeastern Corp v. Zoning Bd. of Rev., 534 A.2d 603 (R.I. 1987). In order for a zoning board to award a special-use permit, the local zoning ordinance must authorize the proposed use by special-use permit. Monopoli v. Zoning Bd. of Rev., 102 R.I. 576, 232 A.2d 355 (1967).
Appellants seek to utilize land zoned CH for a use not permitted under the applicable zoning ordinance. The Board was without authority to grant a special-use permit for Appellants' proposal. Monopoli v. Zoning Bd. of Rev., 102 R.I. 576, 578, 232 A.2d 355 (1967). Consequently, the Board's decision denying Appellants' request did not constitute an error of law.
 CONCLUSION
The zoning ordinance fails to permit a storage/warehouse facility in a CH district by way of special-use permit. After a review of the entire record, this Court finds that the decision of the Board was not affected by error of law, was not in violation of statutory and ordinance provisions, and substantial rights of the Appellants have not been prejudiced. This Court denies Appellants' appeal and affirms the decision of the Board denying Appellants' request for a special-use permit.
Counsel shall submit the appropriate judgment, for entry by the Court after notice.
[1] This Court notes that it is well established in this jurisdiction that the Court may sustain a correct judgment even if it was reached through faulty reasoning or mistake of law. See, Mesolella v. City of Providence, 439 A.2d 1370, 1373 (R.I. 1982).
[2] Special-use permits were once referred to as "special exceptions." Our Supreme Court in Nani v. Zoning Bd. of Rev., 242 A.2d 403, 406 (R.I. 1968) suggested that a more appropriate designation might be "special uses" or "special-use permits." Accordingly, this Court will employ the phrase, special-use permit. See also, R.I.G.L. 1956 § 45-24-42.